IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY MCKEE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 1:11-cv-2526-RGV |
| | : | |
| THE UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

### ORDER

Pending before the Court is plaintiff Anthony McKee's ("plaintiff") motion for reconsideration, [Doc. 74],[1] in which plaintiff seeks reconsideration of the January 15, 2014, Order granting the United States of America's ("defendant") motion to exclude the testimony of plaintiff's expert witness as to causation, which defendant opposes, [Doc. 75]. For the following reasons, plaintiff's motion for reconsideration, [Doc. 74], is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brings this action against defendant under the Federal Tort Claims Act ("FTCA"), alleging medical negligence based on the care he received for his Human Immunodeficiency Virus ("HIV") infection and associated conditions at the Veterans Administration Medical Center in Decatur, Georgia. [Doc. 1]. Specifically,

---

[1] The listed document and page numbers in citations to the record in this Order refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

plaintiff alleges that his physician, Susan T. Goldstein, M.D. ("Dr. Goldstein"), a board-certified physician in Infectious Diseases, deviated from the applicable standard of care due to her failure to "promptly consider [Highly Active Antiretroviral Therapy ("HAART")] once [plaintiff] was in an established chronic state of HIV infection, as of January of 2007, rather than relying solely on the CD4 count and viral load." [Id. at 8 ¶ 23]. Plaintiff contends that withholding HAART contributed to his eventual development of lymphoma. [Id. at 17 ¶ 9]. In support of his allegations, plaintiff relied on expert testimony provided by Steven C. Zell, M.D. ("Dr. Zell"), a board-certified physician in Internal Medicine. See [id. at 12-36]. Defendant moved to exclude Dr. Zell's testimony regarding causation, [Doc. 65], which plaintiff opposed, [Doc. 68]. On January 15, 2014, the Court granted defendant's motion to exclude Dr. Zell's expert testimony. [Doc. 72]. Plaintiff has filed a motion for reconsideration, [Doc. 74], which defendant opposes, [Doc. 75]. For the following reasons, plaintiff's motion for reconsideration, [Doc. 74], is **DENIED**.

## II. DISCUSSION

"Motions for reconsideration shall not be filed as a matter of routine practice." LR 7.2E, NDGa. Rather, motions for reconsideration should be filed only when "absolutely necessary," which occurs "where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need

2

to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (citations omitted); see also Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC, 597 F.3d 1374, 1383 (11th Cir. 2010) (citation and internal marks omitted) (noting three primary grounds for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice"). "A motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Kenner v. Deloatch, Civil Action No. 1:08-CV-446-WSD, 2009 WL 5173499, at *3 (N.D. Ga. Dec. 30, 2009) (citations and internal marks omitted). "Parties [] may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) (citations omitted).

Plaintiff has not presented any newly discovered evidence, cited an intervening change in controlling law, or submitted argument of "a strongly convincing nature" that would cause the Court to reconsider its prior ruling. See Kenner, 2009 WL 5173499, at *3. In fact, a review of plaintiff's motion shows that he has merely repackaged the arguments raised in his earlier pleadings, asserting that

3

the Court's decision on defendant's motion to exclude his expert witness was in error. See generally [Docs. 74 & 76]. Specifically, plaintiff argues that the Court applied a "rigid, and erroneous understanding of Georgia's law regarding the qualification of expert witnesses," and points to a recent Georgia Court of Appeals case as support for his argument. [Doc. 74 at 3-4 (citing Cartledge v. Montano, 750 S.E.2d 772 (Ga. Ct. App. 2013))]. Plaintiff's argument, however, is unpersuasive because the Court, applying Georgia law, see [Doc. 72 at 7-8 (citation and internal marks omitted) (discussing O.C.G.A. § 24-7-702 and noting that "[a] testifying medical expert may offer an opinion outside of his own practice or specialty, but must be found qualified by the court in the area of practice or specialty in which the opinion is to be given.")],[2] found that while Dr. Zell "may be generally qualified to

---

[2] The Cartledge court explained that the "issue is whether the expert has knowledge and experience in the practice or specialty that is relevant to the acts or omissions that the plaintiff alleges constitute malpractice *and* caused the plaintiff's injuries." 750 S.E.2d at 776 (emphasis added) (footnote and internal marks omitted). Here, plaintiff alleges that the delay in the initiation of HAART therapy caused or contributed to the development of his lymphoma, see [Doc. 72 at 9], and Dr. Zell admitted that he had no expertise in the field of oncology, that he was not familiar with the progression or staging of large B-cell lymphoma, and that he could not state to a reasonable degree of medical probability what stage of lymphoma plaintiff had or even when he first developed it, see [id. (citations omitted)]. In fact, Dr. Zell's opinion made clear it was not "based on any specialized expert knowledge regarding the development of lymphoma in HIV patients, but rather, it [was] based on his interpretation of the Swiss cohort study[.]" [Id. at 10]. Despite plaintiff's arguments to the contrary, see [Doc. 74 at 5], and consistent with the opinion in Cartledge, the Court specifically focused on the issue about which Dr. Zell would be offered to testify, see generally [Doc. 72]. Although plaintiff argues that the

testify as to the standard of care," plaintiff "failed to show that Dr. Zell possesse[d] specialized knowledge that qualifie[d] him to render an opinion as to the cause of plaintiff's lymphoma," see [id. at 9], and that Dr. Zell was therefore "not qualified under Georgia law and Daubert to offer an opinion on the causation of plaintiff's lymphoma and whether that condition was a medical consequence of Dr. Goldstein's decision to defer the initiation of HAART in plaintiff," [id. at 10 (citation omitted)]. Thus, contrary to plaintiff's contention, the Court did not "find that Dr. Zell was not qualified to serve as an expert witness in this case," [Doc. 74 at 6], only that he was not qualified to offer an opinion on the causation of plaintiff's lymphoma.

However, even if the Court erred with regard to its ruling on whether Dr. Zell was competent to testify under Georgia law as to the causation of plaintiff's lymphoma, plaintiff has failed to raise any argument of "a strongly convincing

---

"treatment of [his] lymphoma is not at issue," see [Doc. 74 at 5], the Court did not focus on the treatment of plaintiff's lymphoma, but rather, focused on the causation of the lymphoma, which plaintiff argues was as a result of the delay in the initiation of HAART. In his reply brief, plaintiff attempts to re-frame the allegations in his complaint by stating that the question "is not whether the delay of HAART caused [his] lymphoma, but whether the delay caused the progression of HIV to AIDS, as evidenced by development of lymphoma." [Doc. 76 at 2]. However, a review of plaintiff's complaint, see [Doc. 1], shows that plaintiff alleged that Dr. Goldstein acted negligently by failing to initiate HAART therapy, and as a direct and proximate cause of her negligence, his "immune system was not restored, and his reactive lymphadenopathy progressed to B cell Lymphoma," [Doc. 1 at 7 ¶¶ 17-18, 20, 8 ¶ 24], and the Court properly framed this issue.

nature" with regard to the remaining findings under Federal Rule of Evidence 702. That is, plaintiff has failed to sufficiently challenge the Court's findings as to relevance and reliability. See [Doc. 74 at 6-8; Doc. 76 at 9-11]; see also [Doc. 72 at 11-15]. Rather, plaintiff merely attempts to assert the same arguments previously addressed and rejected by the Court, which is insufficient to warrant reconsideration of the Court's previous decision.[3] See Green Party of Ga. v. Georgia, Civil Action No. 1:12–CV–01822–RWS, 2013 WL 1189501, at *1 (N.D. Ga. Mar. 20, 2013) (alteration in

---

[3] Again, relying on Cartledge, plaintiff argues that the "proper question . . . is whether Dr. Zell's proffered expert opinion is wholly speculative or conjectural," [Doc. 74 at 7 (emphasis omitted)], and asserts that the Swiss cohort study was "not merely a summary of correlation," [id.]. Recognizing that he had completely failed to challenge this Court's finding as to relevance, see generally [Doc. 74]; see also [Doc. 75 at 7 (defendant's brief pointing out that plaintiff had failed to challenge the Court's relevance finding)], plaintiff filed a reply brief in which he asserts that any discrepancies between Dr. Zell's affidavit and deposition go to the weight of Dr. Zell's testimony as the Court found in its order denying defendant's summary judgment motion, see [Doc. 76 at 10]; see also [Doc. 57]. This argument, however, overlooks the fact that on a summary judgment motion, disputed issues of fact are resolved against the moving party, see Gen. Elec. Co. v. Joiner, 522 U.S. 136, 143 (1997), whereas the party proffering expert testimony bears the burden of showing its admissibility, see Bryant v. BGHA, Inc., Civil Action No. 5:11–CV–469 (CAR), 2014 WL 1271689, at *5 (M.D. Ga. Mar. 27, 2014) (footnote omitted) ("[T]he proponent of the expert witness bears the burden of establishing that the expert's testimony satisfied the qualification, reliability, and helpfulness requirements of Rule 702 and *Daubert*."), and here, for all the reasons discussed in the previous order, see [Doc. 72 at 11-15], plaintiff failed to show that Dr. Zell's testimony would be helpful. Likewise, plaintiff has failed to show that the Court erred in finding Dr. Zell's testimony was not reliable, but merely repeats his previous arguments asserted in his opposition to defendant's motion to exclude. Compare [Doc. 74 at 7-8], with [Doc. 68 at 8-9].

original) (citations and internal marks omitted) ("A motion for reconsideration may not be used to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind," nor is it "an opportunity for the moving party . . . to instruct the court on how the court could have done it better the first time."). In short, plaintiff has "pointed to no clear error of law meriting reconsideration of the Court's initial judgment." Id. at *5.

Because a court "will not reconsider its judgment when the motion for reconsideration fails to raise new issues, but instead, relitigates that which the Court previously found lacking," In re Steffen, No. 8:12-cv-1053-T-33, 2013 WL 461344, at *1 (M.D. Fla. Feb. 7, 2013) (internal marks omitted) (quoting Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03CV2378-T-17-MAP, 2005 WL 1053691, at *3 (M.D. Fla. Mar. 30, 2005)); see also Mack v. City of High Springs, 486 F. App'x 3, 8 (11th Cir. 2012) (per curiam) (unpublished) (internal marks omitted) (quoting Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) (per curiam) (holding that the district court did not abuse its discretion in denying motion for reconsideration where plaintiff simply attempted to relitigate old matters)) (noting that plaintiff cannot use a motion for reconsideration "to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment"), plaintiff's motion for reconsideration, [Doc. 74], is **DENIED.**

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration, [Doc. 74], is **DENIED**. Counsel shall contact the undersigned's Courtroom Deputy Clerk to schedule a status conference.

**IT IS SO ORDERED**, this 21st day of May, 2014.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE