IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY MCKEE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 1:11-cv-02526-RGV |
| | : | |
| THE UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Since at least October of 2013, plaintiff Anthony McKee ("plaintiff") has been on notice that the United States of America ("defendant") sought to exclude the testimony of his sole expert witness, Steven C. Zell, M.D. ("Dr. Zell"), regarding causation. See [Doc. 65]. After the parties briefed the defendant's motion to exclude Dr. Zell's testimony, during which plaintiff never wavered in relying solely on Dr. Zell's testimony to satisfy his burden of proof, the Court entered an Order on January 15, 2014, granting the defendant's motion to exclude Dr. Zell's testimony as to causation. [Doc. 72].

On February 14, 2014, plaintiff informed the Court that he intended to file a motion for reconsideration of the Court's ruling, see [Doc. 73], and he sought, [id.], and was granted, an extension of time to file his motion, see [Docket entry dated 03/05/2014]. In his motion for reconsideration, plaintiff continued to press only for the admission of testimony by Dr. Zell regarding causation, and never indicated that

he was pursuing any alternative expert testimony, nor sought an extension of time to do so. See [Doc. 74]. The Court denied plaintiff's motion for reconsideration on May 21, 2014, [Doc. 77], and conducted a telephone conference with counsel for the parties that same day, see [Doc. 78], to address the posture of the case since plaintiff had previously conceded in October of 2013 that, should defendant's motion to exclude Dr. Zell's testimony be granted, it "would be dispositive of the case as it would prevent Plaintiff's expert from providing testimony as to causation, an essential element of any medical malpractice action," [Doc. 66 at 2 ¶ 5 (citation omitted)]. Plaintiff's counsel requested an opportunity to confer with his client, which the Court granted, directing counsel to report back to the Court regarding plaintiff's position by May 28, 2014. See [Doc. 78].

On May 28, 2014, plaintiff filed a motion for extension of time to identify a new expert witness, seeking "no less than forty-five (45) days to identify a new expert witness in this action." [Doc. 79 at 4].[1] Plaintiff's motion is simply too little, too late. Plaintiff has been aware since January of 2014 that the Court was excluding the testimony of Dr. Zell as to causation, yet he reports in his latest motion that he

---

[1] Counsel for defendant indicated during the telephone conference on May 21, 2014, that defendant would oppose an effort to replace plaintiff's expert at this late stage of the proceedings since causation has been an element of plaintiff's case since the day this action was filed and plaintiff should not get a "do over" with a new expert. See [Doc. 78].

only began to search for a new expert witness to replace Dr. Zell while awaiting the Court's ruling on his motion for reconsideration. [Id. at 3]. He has not even secured a replacement expert witness as of yet, despite having "reached out to several medical professionals," as he is "awaiting confirmation of their availability and ability to provide expert testimony in this case." [Id.]. Indeed, plaintiff indicates that he needs another 45 days, at a minimum, to identify a new expert witness in this action.[2]

This case has been on the Court's docket since August 1, 2011, [Doc. 1]. Discovery closed on August 17, 2012, after being extended three times, [Doc. 28], and the case was scheduled to go to trial in December of 2013, [Doc. 64]. Plaintiff has relied exclusively on the expert testimony of Dr. Zell throughout the case despite defendant's rigorous challenges to Dr. Zell's testimony during his deposition, [Doc. 42], on summary judgment, [Doc. 39], and in the motion to exclude his testimony. [Doc. 65]. Plaintiff does not presently have an alternative expert witness, nor does his motion indicate that he will secure one any time soon.[3] Instead, plaintiff seeks

---

[2] The Court conducted a telephone conference with counsel for the parties on June 6, 2014, during which the defendant reiterated its opposition to plaintiff's motion, and the parties agreed that, if the Court denied plaintiff's motion for an extension of time to identify a new expert witness, judgment should be entered for the defendant as a matter of law. See [Doc. 80].

[3] During the telephone conference on June 6, 2014, counsel for plaintiff described efforts underway to search for a new expert and stated that he hoped to

3

an extensive extension of time to search for an expert to satisfy a burden that he conceded in October of 2013 that he could not meet without Dr. Zell's testimony. [Doc. 66 at 2]. If plaintiff were able to locate a new expert witness, which he has not been able to do thus far, it would necessitate reopening discovery almost two years after it closed and would unreasonably delay the trial and prejudice the defendant,[4] which has already defended the case through summary judgment and prepared for trial based on the sole expert witness identified by plaintiff. See Primus v. United States, 389 F.3d 231, 234-36 (1st Cir. 2004); see also Greenwood v. Henkel, No. CIV–08–378–F, 2009 WL 8711142, at *4 (W.D. Okla. June 25, 2009) ("Once a case has moved from the pleading and discovery stage to the adjudicative stage, as this case has, the litigants are entitled to assume that, barring truly extraordinary and unforeseen circumstances (not present here), they are not going to be subjected to the delay and expense which result from another trip through the discovery stage.");

---

hear back from some potential new experts by the end of the month as to whether they may be willing to testify, but no new expert witness has yet been located. See [Doc. 80].

[4] As counsel for defendant pointed out during the telephone conference on June 6, 2014, see [Doc. 80], Local Rule 26.2C provides that "[a]ny party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery." LR 26.2C, NDGa.

Taylor v. Dean, No. 5:05–cv–397–Oc–10GRJ, 2007 WL 7622152, at *5 (M.D. Fla. Jan. 19, 2007) ("While the Court recognizes that cases should be resolved on their merits, that does not mean that the Court should permit a party to revamp its case by obtaining another expert simply because their disclosed expert turned out not to be an effective witness or because the expert witness was not properly prepared for his deposition.").  At this late stage in the proceedings, plaintiff has simply not made a sufficient showing to persuade the Court that the extension sought is warranted. See Sitts v. United States, 811 F.2d 736, 742-43 (2d Cir. 1987); Roberts v. United States, Civil Action No. 09–6212 (WJM), 2012 WL 2374656, at *6 (D.N.J. June 22, 2012); Qualls v. State Farm Lloyds, 226 F.R.D. 551, 554 (N.D. Tex. 2005).

Accordingly, plaintiff's motion for extension of time to identify a new expert witness, [Doc. 79], is **DENIED**, and since plaintiff has conceded that he can not satisfy his burden of proving causation without expert testimony, [Doc. 66 at 2], the defendant is entitled to judgment as a matter of law. See Goldstein v. Centocor, Inc., 310 F. App'x 331, 333 n.2 (11th Cir. 2009) (per curiam) (unpublished).  The Clerk is **DIRECTED** to enter judgment for the United States of America.

**IT IS SO ORDERED**, this 6th day of June, 2014.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE